John SCOTT, et al., Plaintiffs,

v.

GAF CORPORATION, et al., Defendants.

No. C–1–86–512.

United States District Court, S.D. Ohio, W.D.

Nov. 17, 1988.

M. Catherine Lacinak, Scott E. Knox, Kircher and Phalen, Cincinnati, Ohio, for plaintiffs.

John H. Burtch, Columbus, Ohio, for GAF Corp.

Michael E. Eagen, Bloom & Greene Co., L.P.A., Cincinnati, Ohio, for Carey Canada, Inc.

ORDER

HERMAN J. WEBER, District Judge.

Pursuant to the jury verdict returned and entered in this matter (doc. no. 64),

judgment is hereby GRANTED in favor of defendants Carey Canada, Inc. and GAF Corporation.

Further, at the time of trial it was decided that plaintiffs' intentional tort claims against the Celotex Corporation would be tried to the Court on the basis of the record established in this action, and upon the testimony and evidence offered and the parties' positions taken in *Adkins v. GAF,* 706 F.Supp. 559 (S.D.Ohio 1988) tried in this Court.

Subsequently, both the Ohio Supreme Court and the United States Court of Appeals for the Sixth Circuit have resolved significant issues which were in question at the time of trial. *Van Fossen v. Babcock & Wilcox Co.,* 36 Ohio St.3d 100, 522 N.E.2d 489 (1988); *Pariseau v. Wedge Products, Inc.,* 36 Ohio St.3d 124, 522 N.E. 2d 511 (1988); *Kunkler v. Goodyear Tire & Rubber Company,* 36 Ohio St.3d 135, 522 N.E.2d 477 (1988); *Pratt v. National Distillers & Chemical Corporation,* 853 F.2d 1329 (6th Cir.1988). Upon such instruction, this Court concludes that plaintiffs maintain the right to a trial by jury on their intentional tort claims against the Celotex Corporation.

The authority of this Court to direct a verdict at the close of plaintiff's case, however, is not affected by the above-cited authority. It remains the responsibility of the Court to determine whether the evidence properly supports submission of an issue to a jury for their consideration.

Mr. Scott was employed at Celotex from 1954 to 1985. In the first ten years from 1954 to 1964, he did clean up work in various buildings at the Celotex Lockland plant. His exposure to asbestos occurred less than 20 percent of the time in those ten years or, by plaintiff's own estimation, during 52 days a year. Mr. Scott unloaded railroad cars and did clean up work in that area only 20 to 30 days total in that ten year span. From approximately 1964 to 1985, Mr. Scott worked as a journeyman electrician with a home base in the electric shop separate from the asbestos work areas. In 1985, Mr. Scott left Celotex's employ.

There is no evidence that Mr. Scott transported bags of asbestos to the third floor in Building #28 or that he dumped them through a hole on the third floor to a bin on the first floor as did Mr. Adkins. While Mr. Scott has asbestosis, the evidence fails to establish that his asbestos exposure exceeded the limits set in the Ohio Department of Health's *Legal Requirements for the Prevention and Control of Industrial Public Health Hazards* which regulated asbestos use in Ohio and which specified a maximum allowable concentration for exposure to dust containing asbestos fiber from 1954 to 1964.

This Court is bound by the instruction of the authoritative courts which have erased the presumption provided in the Ohio intentional tort statute. As this statute and its concept cannot be applied to this case, reasonable minds would find that while the conduct of Celotex was negligent and even reckless, absent the statute, that conduct does not constitute an intentional tort under the common law as defined in the syllabus of *Van Fossen. Van Fossen,* 36 Ohio St.3d at 101, nos. 5 and 6, 522 N.E.2d 489. This Court has been specifically instructed that the failure to warn alone is not sufficient to prove intent. *Id; Pratt v. National Distillers & Chemical Corporation,* 853 F.2d 1329, 1337–1338 (6th Cir.), *reh'g denied* September 19, 1988.

Accordingly, upon consideration of the evidence in light of *Van Fossen, Pariseau, Kunkler* and *Pratt,* and incorporating the applicable findings of fact made in *Adkins,* the Court finds that absent the statutory presumption, plaintiff has failed to present sufficient evidence to submit the intentional tort claim to a jury.

Therefore, upon consideration of the testimony and evidence admitted in this case and in *Adkins,* and after considering the parties' arguments made on the record in both cases, the Court hereby DIRECTS a VERDICT against plaintiffs in favor of defendant Celotex on the intentional tort issue. In support thereof, the Court adopts the applicable findings of fact and conclusions of law made in *Adkins.* The

*Adkins* Order is specifically incorporated herein.

Additionally, pursuant to the Restatement of Judgments (Second), Section 26, the Court expressly reserves to plaintiffs the right in the future to bring a second, independent civil action against one or more of these defendants based on an asbestos-related malignancy if and when plaintiff John Scott develops such a malignancy.

Accordingly, pursuant to Fed.R.Civ.P. 50(a), and pursuant to the findings of fact and conclusions of law set forth in *Adkins*, final judgment is hereby GRANTED in favor of defendant Celotex on plaintiffs' intentional tort claims; further, pursuant to the jury verdict, final judgment is hereby GRANTED in favor of defendants Carey Canada, Inc. and GAF Corporation.

IT IS SO ORDERED.